

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI

FILED

JAN 5 A 2015

DAVID CREWS CLERK
BY _____ Deputy

*Byron Greene*
**Plaintiff**

v.

*Union County, Mississippi*
*Union County Jail*
*Johnny Bell Individually And official Capacities*
*Jimmy Edward*
**Defendant**

CASE NO. 3:15CV3-MPM-DAS

### PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

   A. Legal name: *Byron Darius Greene*

   B. Name under which sentenced: *Byron Greene*

   C. Inmate identification number: *41283*

   D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): *Unit 30/D B-Zone Parchman, MS 38738*

   E. Place of confinement: *M. S. P.*

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

   Name: *Union County, Mississippi*

   Title (Superintendent, Sheriff, etc.): _____

   Defendant's mailing address (street or post office box number, city, state, ZIP) _____

ND MISS. FORM P3. COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 2

Name: _Union County Jail_____

Title (Superintendent, Sheriff, etc.): _____

Defendant's mailing address (street or
post office. box number, city, state, ZIP) _300 Carter Ave_____
_New Albany, Ms. 38652__

Name: _Johnny Bell_____

Title (Superintendent, Sheriff, etc.): _Jail Administrator____

Defendant's mailing address (street or
post office box number, city, state, ZIP) _300 Carter Ave_____
_New Albany, ms 38652__

Name: _Jimmy Edwards_____

Title (Superintendent, Sheriff, etc.): _Sheriff_____

Defendant's mailing address (street or
post office box number, city, state, ZIP) _300 Carter Ave_____
_New Albany, Ms. 38652__

(If additional Defendants are named, provide on separate sheets of paper the complete name, title,
and address information for each. Clearly label each additional sheet as being a continuation of
Question 2).

3.  Have you commenced other lawsuits in any other court,      ☐ Yes      ☑ No
    state or federal, dealing with or pertaining to the same facts
    that you allege in this lawsuit or otherwise relating to your
    imprisonment?

4.  If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than
    one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each
    additional sheet as being a continuation of Question 4.

    A. Parties to the lawsuit:

        Plaintiff(s): _____N/A_____

        Defendant(s): _____N/A_____

    B. Court: ____N/A____        C. Docket No.: ____N/A____

    D. Judge's Name: ____N/A____    E. Date suit filed: ____N/A____

    F. Date decided: ____N/A____    G. Result (affirmed, reversed, etc.):

5.  Is there a prisoner grievance procedure or sys-      ☐ Yes      ☑ No
    tem in the place of your confinement?

6.  If "Yes," did you present to the grievance sys-      ☐ Yes   N/A   ☐ No
    tem the same facts and issues you allege in
    this complaint? (See question 9, below).

7.  If you checked "Yes" in Question 6, answer the following
    questions:

ND MISS. FORM P3. COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 3

A. Does the grievance system place a limit on the time within which a grievance must be presented?  ☐ Yes    *N/A*    ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed?  ☐ Yes    ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

"No Grievance Program"

I am no long housed at the location of the Defendants in this Complaint.

The Defendants refuse to answer any form of Grievance.
The Defendants refuse to mail my Complaint to the Court and refuse to Complete the account Information for informa Pauperis.

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

"No Official Response"

The Defendants has never respond to and written or verbal grievance.

The Defendants has held or trash Plaintiff's Complaint that was sent by way of Defendant's Mail System.

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 4

> **Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8.  If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

    _N/A_

9.  Write below, as briefly as possible, the facts of your case. Describe how each Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

    Union County Mississippi is where this Ordeal happen. Union County Jail is where I was held. Johnny Bell is the Jail Administrator who is responsiable for the Condition and the treatment of the Jail and Offenders.

    Jimmy Edwards is the Sheriff who is Johnny Bell Supervision, Which also makes Mr. Edwards equally responsiable for the Conditions of the Jail and the treatment of the Plaintiff

    See Complaint attached

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 5

10.  State briefly exactly what you want the court to do for you. Do not make legal arguments. Do
     not cite legal authority.

I would like the court to set date
and time for a Jury Trial to determine
a dollar amount for the Defendants to
pay for medical, actual and punitive
damage to the Plaintiff.


See Complaint


This Complaint was executed at (location): _M.S.P. Parchman,_

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: _11/17/2014_                        _Byron M___

                                          **Plaintiff's Signature**

IN THE UNITED STATES FEDERAL COURT
NORTHERN DISTRICT
OF THE STATE OF MISSISSIPPI


COMPLAINT     Jury Trial
                    DEMANDED

Byron Greene, Pro se          PLAINTIFF

        VS

UNION COUNTY, MISSISSIPPI
UNION COUNTY JAIL          DEFENDANT
JohNNY BELL - Individually and official Capacities
JIMMY EDWARDS-Individually and official Capacities


        COMES NOW PLAINTIFF BYRON

GREENE IN this HONORABLE COURT

In the above style and cause number to

be determine by the court and bring

forth this CIVIL COMPLAINT

and in support thereof will show

unto the court the following:

Violation of the Plaintiff First, Fourth,

Fifth, Sixth, Seventh, eighth, and

Fourteenth amendments rights.

## FACTS

### I

That at the present time July 31, 2014

Plaintiff Byron Greene is incarcerated

at Tarrant County Jail Fort Worth,

Texas.

### II

That on July 29, 2014 Plaintiff was stop

by Fort Worth Police an arrested for an

Out-of-State warrant from Mississippi
and Plaintiff is awaiting extradition
to Union County Mississippi.

### III

That Plaintiff Byron Greene was
arrested and held in El Paso, Texas for
more than two weeks on the same warrant
from Union County, Mississippi less than 60
days prior to being arrested in Fort Worth, Texas.

### IV

That the original charge happen in New Albany,
Union County Mississippi on or about July 14 2006,
and Plaintiff gain no profit or money on the
day he was arrested.

## V

That Plaintiff was indicted within 90 days

of being charged with Forgery and

assault on a Police Officer,

## VI

That a undetermine amount of money

was taken from Plaintiff Byron Greene at

Union County Jail at the time of his arrest.

## VII

That Plaintiff made bond on or about

November 8, 2006.

## VIII

That Union County Fail to prosecute for more

than five years after Plaintiff was

Charged and indicted.

IX

That Plaintiff had not fled prosecution.

X

That Plaintiff was incarcerated for more than (3) three years in the same state on non-related charge to Union County and parole from prison having no detainer from Union county in late 2010

XI

That on or about April 20, 2011 Byron Greene the Plaintiff was arrested for parole Violation on the charge he had not related to Union County and was sented back to prison, then

discharged from prison on two year Post

Release Supervision on or about December 8, 2011.

XII

That upon Plaintiff release from prison

at Alcorn Regional Correctional Facility on or

about December 8, 2011 Plaintiff was arrested

and taken to Union County Jail for the 2006

charge that union county had fail to prosecute.

XIII

That Plaintiff Byron Greene appeared in

Union County Court on or about December 11, 2011

and Plaintiff was sentence to (5) five years

probation while the court knew that Plaintiff

was already on (2) two years post release

Supervision and Plaintiff was not eligible for probation which also made the sentence illegal.

### XIV

That the Plaintiff's Attorney, D.A. Kelly Luther and presiding Judge allow Plaintiff to plea guilty Knowing that Plaintiff State and federal Speedy Trial rights were being Violated along with "due Process" Viblations.

### XV

That Plaintiff was arrested around June 2013 in Columbus, Mississippi and was told that his sentence in Union County had been modified and Plaintiff was Ordered to a Restitution Center in Jackson, Mississippi.

## XVI

That Plaintiff Byron Greene was Kicked
Out the Restitution Center in Jackson Sometime
in June 2013 and sent to Union County Jail.

## XVII

That Plaintiff stay at Union County Jail
For approximately (2) two weeks before
being sent to Pasagoula Restitution per
Order of Union County Court.

## XVIII

That upon being arrested and/or taking into
Custody at Union County Jail Plaintiff was
made to surrender all clothes and Shoes
except boxers and Socks.

XIX

That union county Jail issued Plaintiff a thin uniform Shirt and pants also Shower shoes.

XX

That the temperture is Kept very low (cold) at union County Jail.

XXI

That the Officers at Union County Jail Wear long sleeves shirts Jackets and/or Sweaters.

XXII

That from early morning hours until 10 o'clock P.M. Plaintiff had to be in the dayroom

area of the housing unit or pod.

## XXIII

That Plaintiff Byron Greene had to either sit or stand on cold concrete or cold steel all day everyday until 10 o'clock P.M. not allow to have anything to cover up with or sit on at Union County Jail.

## XXIV

That after about (60) sixty days at Pasagoula Restitution Center Plaintiff was ejected from the program and return to Union County Jail where Plaintiff stayed for approximately another (60) sixty days before being released per order of the Court.

## XXV

That after Plaintiff Byron Greene was reinstated to probation per order of the Court, Union County Jail held Plaintiff another (5) five days without cause.

## XXVI

That Plaintiff Byron Greene has develope leg problem and hemorrhoid problem from standing on cold concrete and/or sitting on cold steel all day everyday for weeks at Union county Jail.

## XXVII

That Union County Jail put Preachers in the dayroom of the pod to preach every week.

## XXVIII

That Plaintiff was force to listen to Preacher.

## XXIX

That Union County Jail has shown

discrimination against the black race

offenders particularly the Plaintiff

Byron Greene who is of the black race.

## XXX

That Plaintiff was extradited and did

arrive at Union County Jail on or about

August 14, 2014, for probation Violation

## XXXI

That under the current probation law a

probation Violator can only be held 21 days

for a technical violation, if not taken before a Judge the offender must be reinstated.

XXXII

That Union County Jail held Plaintiff more than 21 days on a probation technical violation

XXXIII

That while Plaintiff was in Union County Jail between August 14, 2014 and September 11, 2014 Plaintiff witness two white offenders be reinstated on probation on or about the 21th day of their incarceration. While three black offenders were transported to other counties to go before a Judge.

## XXXIV

That Union County Jail use the black Offenders at the Jail as cooks and servants.

## XXXV

That Plaintiff Byron Greene mailed the Original of this Complaint to The U.S. District Court on or about September 7, 2014 from Union County Jail.

## XXXVI

That Union County Jail Administrator refuse to fill out the account information form required by the Court for the Plaintiff to Proceed In forma Pauperis.

## XXXVII

That the Defendants Timmy Edwards and Johnny Bell did act under color of the State of Mississippi.

## XXXVIII

That Defendants did deny Plaintiff the same rights to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens.

## XXXIX

That Defendant created a policy or custom under which unconstitutional pratices occurred and allowed the continuance of

Such a policy or custom.

## XL

That Defendants Jimmy Edwards and Johnny Bell was grossly negligent in supervising Subordinates who committed wrongful acts.

## XLI

That the defendants acted with reckless indifference to Plaintiff rights, ill will and (w) malice.

## XLII

That Plaintiff Byron Greene legal mail, that was mailed out at Union County Jail apparently never reach the court

WHEREFORE PREMISES CONSIDERD,

The Plaintiff Byron Greene PRAYS

that this Honorable Court set a date

and time to hear this matter with a

Jury and let a Jury determine the dollar

amount that should be paid to the

Plaintiff for Compensatory and Punitive

damages.

Respectfully Submitted

Byron Greene
Byron Greene Pro se
Plaintiff

Sworn Affidavit

I Byron Greene do swear under penalty of perjury that this statement is true and correct to the best of my Knowledge.

My ordeal started with Union County Jail and/or the Defendants on or about July 14, 2006. I was arrested in New Albany, Mississippi Union County. I was charged with forgery and assault on a police Officer. At the time of my arrest a Undetermine amount of money was taken from my pocket and Union County Jail, my personal property. I assume the money was put toward any fines or restitution until years later when records was shown that no money had been paid. I am not sure of the amount that was taken but I would say somewhere between two to three hundred dollars. I only stayed at Union County Jail for a few days before I was transfered to another County where I also had been charged with forgery. The only Sufficient thing I remember about my first incarceration at Union County Jail other than the taken of my money is the Cell area was Very Cold.

After I made bond in the other places
I had been charged with forgery, I was
return to Union County Jail about September 2006.
When I arrived in the booking area, I had to
surrender my clothes. I was allow to keep
only my boxers and socks. I was given a
thin pair on pants and a thin shirt, along with
a pair of shower shoes. I was taken to one
of the several pods for housing. Every morning
I was ordered out of the cell into the dayroom
area. No blankets or pillars were allowed in the
dayroom. The cell doors were locked, therefore
one must either stand or sit on cold steel or
concrete until 10 pm. This area of the Jail
was kept very cold, my hands and legs would
turn blue or black from lack of blood flow, and
there would be much pain in my legs. I made
bond after about a month. The next time I
heard something from Union County was about
December 8, 2011. At this time the indictment
was over 5 years old, Union County had fail
to prosecute. I had been to prison, I had
made parole, I had violated my parole, I
had been back to prison and finish my sentence.
I was now being released on post-release
supervision. Now, Union County has a detainer
on me. So upon my release I was taken to
Union County Jail.

2

On about December 11, 2011 I appeared in Court in Union County. I was Sentence to (5) five years probation. Everyone there Knew I was on two year post release Supervision, because Union County had Just picked me up from prison two days earlier. I was taken back to Union County Jail and released. I was never assigned a probation officer nor had I did any type of In-Take for probation. The next time I heard from Union County was around June 2013. I was arrested in Columbus Mississippi and told that Union County had modified my Sentence and I had been order to the Restitution Center. I was transfered to Jackson Restitution Center. After a few days I was ejected from the Center and return to Union County Jail. I Stayed in that Cold envirnment for about two weeks then transfered to Pasagoula Restitution Center. I filed a Heabeas in Federal Court and I was Kicked out of Pasagoula Restitution Center. I was Sent back to Union County Jail. I froze there everyday for about two months before I went in front of a Judge. The Judge released me by reinstating my probation. This was about October 2013.

After the Judge pass down this order in open court, Union County Jail held me another (5) five days without cause claiming they were waiting on my paperwork. The cold environment at Union County Jail has caused me to have ongoing pain in my legs. I have also develope herroids problem from sitting on cold steel all day to the point when I pass blood at bowel movements. My mental state has been disturb due to the preaching that was screamed at me every week. This preaching was not consistance with my beleif. I complained that I did not want to hear any preaching but nothing was done.

I was extradited back to Union County from Fort Worth, Texas for probation violation on or about August 14, 2014. A new law had came into effect July 1, 2014 concerning probation violation. The law stated that a offender could only be held for 21 days on a probational technical violation. If the offender/probation violator had not been brought before a Judge within the 21 days, he was to be reinstated to probation status. Therefore, I was housed at Union County Jail pending Probation Revocation Hearing.

4

During this incarceration period I witness 2 white probation violators become reinstated and released on their 21st day of incarceration. While two black offenders were taken out of the county to go in front of a Judge for their violation. I was held 23 days then rush in front of a Judge to be violated. At the Union County Court House, the Jail administrator approach me and acknowledge that I had exceeded the 21 day law. The probation officers was out of breath from running to the court house with paper work to push me in front of the Judge for my revocation hearing rather than reinstate me as they had previously done for the white offenders and the law had required.

Sworn this 2 day of December 2014

Byron Greene #41283

5

Byron Greene #41283
Unit 30/D B zone
Parchman, MS 38738

**RECEIVED**

DEC 04 2014

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

U.S. DISTRICT COURT

OFFICE OF Pro Se CLERK

301 W COMMERCE STREET #13

ABERDEEN, MS. 39730

MISSISSIPPI STATE PENITENTIARY
LEGAL ASSISTANCE PROGRAM
P.O. BOX 1058
PARCHMAN, MS. 38738

POSTAGE PAID
LEGAL MAIL
MISSISSIPPI STATE PENITENTIARY
PARCHMAN, MS. 38738
THE ENCLOSED LETTER HAS NEITHER BEEN OPENED
NOR INSPECTED. IE THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS

FOREVER
USA

RECEIVED
DEC 05 2015
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

JACKSON MS 390

U.S. District Court

OFFICE OF THE CLERK

301 W. Commerce Street  #13

Aberdeen Ms. 39730

Byron Greene
M.S.P #41283
UNIT 30/D B-ZONE
P.O. BOX 1057
PARCHMAN MS. 38738